

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Aug. Celaya, Chairman
House Investigating Committee
Austin, Texas

Dear Sir:

> Opinion No. 0-933
> Re: Authority and power of the committee for
> investigation of tax evasion or any mat-
> ters affecting State, county or municipal
> revenues. (House Simple Resolution No. 300)

Your request for an opinion on the above stated pro-
position has been received by this office. In order more
clearly to answer your question, we shall divide it into the
following parts:

1. Does the House of Representatives of the State
of Texas have the power to establish such a committee as is
set up by House Simple Resolution No. 300? (A copy of said
resolution is attached and made a part of this opinion.)

2. Does said committee have the power to issue
process for witnesses, books and records?

3. Does said committee, upon disobedience to any
subpoena, have the power to issue attachments?

4. Does said committee have power to punish for
contempt?

In answering the first question, it should be point-
ed out that a committee to investigate tax evasion for the pur-
pose of securing first-hand information upon which to base
"practical, efficient and adequate" tax laws is within the
scope of the legislative resolution. In Terrell vs. King,
14 S. W. (2d) 786, Justice Greenwood makes the following
statement in regard to the power of either House of the Leg-
islature to establish such investigating committees:

"In declaring, in Section 11 of Article 3 of the Constitution, that each House may determine the rules of its own proceedings, the Constitution plainly delegates to each House the choice of methods for the most advantageous use of its function in the exercise of the State legislative power, which Mr. Cooley defines as 'authority under the Constitution to make laws and to alter and repeal them.' Cooley's Constitutional Limitations, 8th Ed., p. 183."

Continuing, Judge Greenwood said:

"Having such choice of methods, each House is fully authorized to appoint committees to make investigations and conduct inquiries and gather information with respect to the operation of subsisting laws and the need for their improvement, or alteration, or repeal. McCullough vs. Maryland, 4 Wheaton 409, 4 L. Ed. 579. Not only does the Constitution in the granting of the rule-making power, authorize either House to name such committees as it may deem necessary or proper for the purposes of investigation and inquiry, when looking to the discharge of any legitimate function or duty of such House, but the Constitution goes further and makes the consideration by a committee a condition precedent to the enactment of any law. Section 37, Article 3, Constitution of the State of Texas."

Since each House continues in existence after the end of a legislative session, as determined in Ferguson vs. Maddox, 114 Tex. 93, 263 S. W. 888, and since each House is invested with independent responsibilities and duties, and is the sole judge of its own rules of procedure, we think the power of each House or of the Legislature cannot be denied to name committees to sit either during sessions of the Legislature or in recess for the purpose of gathering information considered requisite or helpful to enlightened or efficient legislation. A legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change; and where the Legislature does not itself possess the requisite information, recourse must be had to others who do possess it. Experience has taught that

mere requests for such information often are unavailing, and also that information which is volunteered is not always accurate or complete; so some means of compulsion are essential to obtain what is needed. Again quoting from Terrell vs. King, supra:

> "Our conclusion that the legislature, or either house, possesses the authority to order committee investigations and inquiries, in order to get information necessary to the right use of legislativelpower, is but an application of the principle often recognized by this court that a constitutional grant of authority includes 'authority to do all things necessary to accomplish the object of the grant.'"

Therefore, it would logically follow that if the House had the power to establish this committee, certainly the committee would have sufficient authority to carry on, in an adequate manner, its investigation. This deduction forms the basis for the answer to question No. 2 in regard to the committee's power to issue process. The following quotation taken from 65 A.L.R. 1518 clearly states the law in this regard:

> "It has been consistently held that either branch of the legislative body, or one of its committees, has the power to summon persons who are not members to attend as witnesses any meeting which it had the power to hold."

There seems to be no doubt that this general rule is followed in Texas. Justice Greenwood, in Terrell vs. King, supra, explained this power of the committee by the following reasoning:

> "Each house must also be allowed to proceed in its own way in the collection of such information as may seem important to a proper discharge of its function; and whenever it deems desirable that witnesses should be examined, the power and authority to do so is very properly referred to a committee, with any power short of final legislative or judicial action as may deem necessary or expedient in the particular case."

Justice Greenwood further substantiates his reasoning by quoting the following from McGrain vs. Daugherty, 273 U.S. 135, 71 L. Ed. 580, 50 A.L.R. 1:

"In an opinion of great force and clarity, delivered by Mr. Justice Van Devanter, wherein the Supreme Court, in reversing the order of the court below, upheld the power of Congress and of either House, under constitutional provisions altogether similar to those in the Constitution of Texas, to appoint committees and to compel witnesses to appear and testify before such committees, whenever deemed necessary or proper in the efficient exercise of congressional legislative power."

The answer to question No. 3 is closely interwoven with the subject matter and discussion of question No. 2. It logically follows that if the committee has the power to issue a process for witnesses, books, records, etc., it must likewise have the power to enforce this process. It would therefore follow that the committee set up by House Simple Resolution 300 would have the power upon disobedience of any subpoena to issue an attachment to secure the presence of a witness before that committee. This exact situation was reviewed by the Supreme Court of the United States in the case of McGrain vs. Daugherty, supra, which facts were substantially as follows:

The brother of former Attorney General Daugherty refused to appear and testify before a committee of the United States Senate authorized to sit after adjournment of Congress to obtain information for the purposes of future Federal legislation. He was thereupon attached on a warrant authorized by the Senate to compel his appearance and testimony. On habeas corpus, he was ordered discharged by the United States District Court. After "earnest and prolonged consideration," the appeal from the order of the District Court was determined by the Supreme Court of the United States wherein the Supreme Court, "in reversing the order of the court below, upheld the power of Congress and of either House, under constitutional provisions altogether similar to those in the Constitution of Texas, to appoint committees and to compel witnesses to appear and testify before such committees, whenever deemed necessary or proper in the efficient exercise of congressional legislative power."

Power is given each branch of the Legislature by the Constitution, Article 3, Section 15, to punish anyone not a member for obstructing any of its proceedings. "Obstructing its proceeding" embraces not only things done in the presence of the Legislature, but those done in disobedience of a Committee.

Hon. Aug. Celaya, Page 5


C. J. Morrow, in the case Ex Parte Youngblood, 251 S. W. 509, states the law in this regard in the following language:

> "We have searched throught the Constitution in vain for anything that expressly permits a committee of the Legislature, or any collection of persons belonging to the Legislative department, to imprison for contempt. The only reference to the question of contempt as related to the Legislature in any way is that contained in Section 15, Article 3 of the Constitution, which in terms 'expressly permits' each House of the Legislature to imprison for contempt for not exceeding 48 hours at any one time.

> "In our opinion, under our Constitution, while the Legislature may function through a committee, and, because of the refusal of any person to answer proper inquiries before the committee, the matter may be reported to the House appointing the committee for its action, and said House of the Legislature may, by appropriate proceeding, adjudge such person in contempt and he may be thereafter imprisoned for the time specified by the Constitution for such contempt, the committee itself has no such power because of the forbiddance of the Constitution."

In conclusion, may I sum up the discussion of the powers of this committee, in the following manner: The Legislature has the power to set up such a committee as is established by House Simple Resolution 300, and such committee has the power to issue subpoenas and attachments for witnesses, books and records. However, if a witness refused to comply and thus were "obstructing the proceeding" within the meaning of our Constitution, such contempt could not be punished by the committee acting as a committee, but only by the House as a whole.

We hope the above discussion has answered the questions you have in mind in regard to the authority and power of your committee. If any further questions arise, please refer them to us.

Sincerely yours

FBI:pbp

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 21, 1939
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By

Frederik B. Isely
Assistant

APPROVED